Cheryl L. MURIEKES, Plaintiff—
Appellant,

v.

BOEING COMPANY, a Delaware
Corporation, Defendant—
Appellee.

No. 03–35265.
D.C. No. CV–02–0612–JCC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 17, 2004.

Decided Sept. 24, 2004.

Matthew J. Bean, Catherine M. Cabalo,
Law Offices of Wlliam B. Knowles, Seattle,
WA, for Plaintiff–Appellant.

Branda N. Andrade, Perkins Coie LLP,
Bellevue, WA, for Defendant–Appellee.

Before BROWNING, TASHIMA, and BYBEE, Circuit Judges.

MEMORANDUM *

Plaintiff Cheryl Muriekes ("Muriekes") appeals from the judgment of the district court, which dismissed her action under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601–2645, after granting defendant Boeing Company's ("Boeing") motion for summary judgment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm for the reasons set forth in the district court's Order of February 25, 2003 ("Order"). We add only the following to the careful and well-reasoned decision of the district court.[1]

Muriekes' complaint alleged that Boeing had "interfered" with her rights under the FMLA. *See* 29 U.S.C. § 2615(a)(1) ("It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter."). As the district court's Order demonstrates, however, Boeing complied with every requirement placed on an employer under these circumstances. Boeing not only sent Muriekes the 15–day notice required by 29 C.F.R. § 825.305(b), it went beyond its FMLA obligation and also sent her a follow-up notice. Although Muriekes denies receiving this second notice, this was unknown to Boeing. Under these circumstances, there is nothing more that reasonably could be required of Boeing in terms of fulfilling its obligations under the FMLA.

Muriekes contends that she should be entitled to the exception in § 825.305(b) from the 15–day rule because it was "not practicable under the particular circumstances" for her to comply with it due to her doctor's oversight. The regulatory exception, however, is directed to known and objective circumstances (such as the employee being hospitalized for the 15–day period) which make compliance impracticable—not to circumstances where notice is timely received and (insofar as the record shows) noncompliance with the 15–day requirement is due to some oversight, such as clerical error.

Finally, plaintiff also contends that her non-compliance with the 15–day requirement should be excused because she provided the FMLA certification "as soon as reasonably possible under the particular facts and circumstances," as provided in 29 C.F.R. § 825.311(b). We are not persuaded. Even assuming that § 825.311(b) was intended to apply to circumstances like this case, certainly, by the date of her termination, July 17, 2001, plaintiff knew that Boeing had not received her FMLA certification. In the best light, plaintiff waited until October 12 before providing any certification. Under even the most generous reading of "as soon as reasonably possible," waiting nearly three months cannot be construed as meeting plaintiff's own FMLA obligation.

For the reasons set forth above, as well as in Judge Coughenour's Order, the judgment of the district court is
AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The facts are fully set forth in the district court's Order.